UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
ROBERTO DIAZ,

                 **ORDER OF PARTIAL DIMISSAL**

        Plaintiff,               17-CV-3768 (KAM)

    -against-

MDC DETENTION CENTER; MRS. RIVERA
(SHU UNIT),

        Defendants.
----------------------------------x
KIYO A. MATSUMOTO, United States District Judge:

    Plaintiff Roberto Diaz, presently incarcerated at the Metropolitan Detention Center ("MDC"), brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff's complaint is dismissed against MDC. As discussed below, the action will proceed against defendant Rivera.

## I. Background

    The following facts are drawn from plaintiff's complaint, the allegations of which are assumed to be true for purposes of this order. Plaintiff states that on October 19, 2016, he "faked" that he was going to commit suicide. (Compl., ECF No. 5 at 4).[1] Defendant Rivera, an officer at MDC, sprayed plaintiff

---

[1] All citations to pages of the Complaint refer to the Electronic Document Filing System ("ECF") pagination.

in the face with mace. (*Id.*) Plaintiff alleges that he has lost vision in his left eye and has been informed by medical personnel that he may lose his sight in that eye. (*Id.*) Plaintiff seeks medical treatment and monetary damages.[1]

## II. Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A (b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations" in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Subsequent to the filing of his complaint, plaintiff has filed letters requesting that the court subpoena his medical records from MDC. (ECF Nos. 7, 8, 9.)

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

### III. Discussion

A.  **Plaintiff's *Bivens* Claim**

In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who allegedly violated a citizen's constitutional rights. *See id.* at 389. A *Bivens* action is the federal analog to an action against a state actor under 42 U.S.C. § 1983. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (noting that a *Bivens* action is the federal analog to claims against state actors brought under § 1983); *Tyler v. Dunne*, No. 16 CV 2980, 2016 WL 4186971, at *2 (E.D.N.Y. Aug. 8, 2016) (determining that § 1983 claims against federal actors should be characterized as *Bivens* claims). Here, because plaintiff names as defendants a federal detention facility and an officer at that federal facility, the Court will liberally construe his complaint as bringing a *Bivens* claim. Pursuant to *Bivens*, because plaintiff specifically

3

alleges that defendant Rivera sprayed mace in plaintiff's face, and that as a result plaintiff may lose sight in his left eye (Compl. at p. 4.), plaintiff's complaint may proceed against defendant Rivera in her personal capacity. *See, e.g.*, *Elorreage v. Metro. Det. Ctr.*, No. 12-CV-3344 ARR, 2012 WL 3764428, at *2 (E.D.N.Y. Aug. 27, 2012) (in *pro se* action, permitting claims against MDC staff director and a federal officer to proceed under *Bivens* because plaintiff "levie[d] specific allegations" as to these federal employees).

Plaintiff is advised, however, that his suit against defendant Rivera is subject to the requirements of the Prisoner Litigation Reform Act ("PLSRA"). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, [] whether they allege excessive force or some other wrong . . . [and] whether they are pursuing monetary or injunctive relief." *Dunster v. Fed. Bureau of Prisons*, No. 10-CV-1735 ARR LB, 2011 WL 2360353, at *3 (E.D.N.Y. June 9, 2011) (*citing*, *inter alia*, *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001)). "Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement[, and] inmates are not required to specially plead or demonstrate exhaustion in their complaints. However, a district court still may dismiss a

complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (internal quotation marks omitted) (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013)). The complaint is silent as to whether plaintiff has sought to exhaust his administrative remedies, however, plaintiff has separately submitted documents relating to his pursuit of administrative review of the incident (*see* ECF No. 6). Thus, the court will not dismiss the complaint based on the PLRA.

**B.     Sovereign Immunity**

Plaintiff's claim against the MDC is barred under the doctrine of sovereign immunity. *E.g.*, *Williams v. Metro. Det. Ctr.*, 418 F. Supp. 2d 96, 100 (E.D.N.Y. 2005) ("As the MDC is a part of the BOP, a federal agency, [plaintiff's] claims against the MDC and the federal officers in their official capacities are dismissed on the grounds of sovereign immunity."); *Elorreage*, 2012 WL 3764428, at *2; *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (stating that sovereign immunity shields the Federal Government and its agencies from suit); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (same). Without a waiver of sovereign

immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States or agencies thereof. *See Fed. Deposit Ins. Corp.*, 510 U.S. at 475 (noting requirement of waiver). It is the Plaintiff's burden to demonstrate that sovereign immunity has been waived. *See Jimenez v. United States,* No. 16 CV 7089L, 2017 WL 2634159, at *2 (E.D.N.Y. June 19, 2017). Here, plaintiff has failed to demonstrate the waiver of sovereign immunity by the United States. Accordingly, plaintiff's *Bivens* claim against MDC is dismissed*. See* 28 U.S.C. § 1915A*.*

**C. Federal Tort Claims Act**

Read liberally, plaintiff's complaint may state a claim under the Federal Tort Claims Act ("FTCA"). Although, as discussed, the United States is generally entitled to sovereign immunity from suit, the FTCA waives sovereign immunity and grants subject matter jurisdiction to federal courts over claims against the United States which seek money damages for personal injury caused by the negligence of federal employees while acting within the scope of their employment. 28 U.S.C. § 1346(b)(1); *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005). The FTCA requires a claimant to exhaust administrative remedies prior to initiating an FTCA action in federal court, a "requirement [that] is jurisdictional and cannot be waived." *Celestine*, 403 F.3d at

82. Before initiating an FTCA action in federal district court, a claimant must file an administrative tort claim with the appropriate federal agency within two years of the date of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *Genao v. United States*, No. 08 CV 878, 2010 WL 3328017, at *1 (E.D.N.Y. Aug. 19, 2010). If the agency denies the claim within six months after it is filed, the claimant must then initiate an FTCA action in a district court (or seek reconsideration from the agency) within six months of the notice of denial of the claim. *Genao*, 2010 WL 3328017, at *1. If the agency fails to decide the claim six months after it is filed, the claimant may then commence a federal court action. 28 U.S.C. § 2675(a). If the claimant fails to timely comply with the FTCA's exhaustion requirement and timely commence an action in federal court, the claim is forever barred. *Id.*; 28 U.S.C. § 2401(b). Here, although plaintiff's complaint can be liberally construed to state a claim under the FTCA, plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action. Consequently, the court does not have subject matter jurisdiction over a FTCA claim in this action. *See, e.g.*, *McIntosh v. United States*, No. 14-CV-7889 (KMK), 2016 WL 1274585, at *10 (S.D.N.Y. Mar. 31, 2016) ("The plaintiff bears

the burden of pleading compliance with the FTCA's exhaustion requirement." (internal quotation marks and citations omitted)); *Bastien v. Samuels*, No. 14-CV-1561 JFB AKT, 2015 WL 5008837, at *5 (E.D.N.Y. Aug. 21, 2015) (same).

## IV. Conclusion

For the foregoing reasons, plaintiff's claim against MDC is dismissed and no summons shall issue to MDC. *See* 28 U.S.C. § 1915A(b). The Clerk of Court is respectfully directed to terminate MDC as a defendant in this action.

As to defendant Rivera, the United States Marshall is respectfully directed to serve the summons, the complaint, and a copy of the instant order upon defendant Rivera, who is alleged to be employed at MDC, and the United States Attorney for the Eastern District of New York. The Clerk of Court is respectfully requested to serve the foregoing documents on *pro se* plaintiff, and to note service on the docket. Should plaintiff seek to amend his complaint to assert claims arising under the FTCA, plaintiff is reminded that he must first timely file an administrative tort claim with the appropriate federal agency, the Bureau of Prisons.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S.

438, 444-45 (1962).  The action is referred to Magistrate Sanket J. Bulsara for pretrial supervision.

**SO ORDERED.**

Dated:   January 17, 2018
         Brooklyn, New York

                                    _____
                                         KIYO A. MATSUMOTO
                                    United States District Judge